Nov. Term,
1849.

JEANES
v.
ANDERSON.

---

JEANES and Another *v.* ANDERSON.

A *fieri facias* was levied on the dower estate of the defendant. The Court set the levy aside on the ground that the personal property had not first been demanded. The order setting aside the levy contained a provision that the execution should be a lien on the personal property. A *venditioni exponas* issued directing the sale of the dower estate, and before sale the defendant died, insolvent. The plaintiff filed his bill to compel the appropriation of the entire assets of the estate to the payment of his debt, and the bill was dismissed on demurrer. *Held,* that he had no lien on the personal property, and the bill was properly dismissed.

*Wednesday,
November 28.*

APPEAL from the *Cass* Circuit Court.

PERKINS, J.—Bill in chancery. Bill demurred to; demurrer sustained, and bill dismissed. The bill alleges, that, on the ninth day of *February,* 1846, the plaintiff obtained judgment in the *Cass* Circuit Court for over 200 dollars against *Elizabeth M. Bean*—that on the 27th of the same month a *fi. fa.* issued on said judgment, and was delivered to the sheriff, who, on the 23d of *February,* 1847, levied the same on certain dower estate of *Bean*—that on the 20th of *August,* 1847, said levy on the dower estate was set aside on the ground that personal property had not first been demanded, and that said *Elizabeth* had a sufficiency of such property subject to the execution to satisfy it; the order setting aside the levy containing a provision, however, that the execution should be a lien on

the personal property—that the sheriff returned said execution with a statement of the order setting aside the levy and that there was not time to make a new levy—that soon after this return the plaintiff directed the issue of another execution without specifying what kind—that the clerk issued a *venditioni exponas* directing the sale of the said dower estate, but that before any sale was made said *Elizabeth* died, and the *vendi* was returned "no property," &c. Said *Elizabeth* died insolvent, and this bill against her administrator, seeks the appropriation of the entire assets of the estate to the payment of the plaintiff's said judgment.

The plaintiff, at the death of said *Elizabeth*, had no lien on her personal property. We do not see how the Court can now create one for him. The lien which he might have had, had the proper steps been taken, was lost or never obtained, through his own negligence or that of the sheriff or clerk, or all of them combined. If by his own, he can have no remedy; if through that of either of the others named, his remedy is against them.

*Per Curiam.*—The judgment is affirmed.

*D. D. Pratt*, for the appellants.

*H. Allen*, for the appellee.